a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM DAVID RIALES #13401-076, <br> **Plaintiff** | CIVIL DOCKET NO. 1:21-CV-00013 <br> SEC P |
| **VERSUS** | JUDGE DAVID C. JOSEPH |
| WARDEN, <br> **Defendants** | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner William David Riales ("Riales"). Riales is a prisoner in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Riales challenges his conviction in the United States District Court for the Western District of Tennessee.

Because Riales cannot meet the requirements of the savings clause, his Petition should be DISMISSED for lack of jurisdiction.

I. **Background**

According to the United States Court of Appeals for the Sixth Circuit:

> In 1995, a jury found Riales guilty of conspiracy to commit extortion, racketeering, and threats, in violation of 18 U.S.C. § 1951; affecting commerce and movement of commodities by committing robbery by use of extortion and threats, in violation of 18 U.S.C. § 1951; using a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c); using explosives to destroy a business and residence by means of fire, in violation of 18 U.S.C. § 844(i); using fire to commit robbery and murder, in violation of 18 U.S.C. § 844(h)(1); two counts of first-degree murder to

1

prevent communication to law enforcement officials, in violation of 18 U.S.C. § 1512(a)(1); and conspiracy to obstruct justice, commit perjury, and intimidate or threaten witnesses, in violation of 18 U.S.C. § 371. He was sentenced to serve a total of life plus ten years in prison followed by three years of supervised release. We affirmed Riales's convictions. *United States v. Bruce*, Nos. 95-6046 to 95-6049, 1996 WL 640468 (6th Cir. Nov. 5, 1996). The United States Supreme Court denied certiorari.

In re: *William David Riales*, No. 20-5388 (6th Cir. Nov. 3, 2020), ECF No. 22-1.

In 1998, Riales filed a motion to vacate, which was denied. *Id.* The Court of Appeals denied a certificate of appealability. *Riales v. United States*, No. 99-5448 (6th Cir. Dec. 13, 1999). The Sixth Circuit recently denied authorization for Riales to file a second or successive motion under 28 U.S.C. § 2255. In re: *William David Riales*, No. 20-5388 (6th Cir. Nov. 3, 2020), ECF No. 22-1.

In his § 2241 Petition, Riales argues that his conviction is invalid under the Universal Declaration of Human Rights, and that he is being subjected to involuntary servitude. He alleges that the United States has no authority beyond the District of Columbia. Therefore, Riales alleges that the court of conviction had no jurisdiction to convict him. ECF No. 1 at 6-9.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)).

Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). And the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and

3

(3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Riales is not challenging the manner in which his sentence is being executed. Rather, he claims that the court allegedly lacked jurisdiction to convict him and that his incarceration amounts to slavery. ECF No. 1 at 6-9. However, there is no viable issue of peonage, slavery, or involuntary servitude when a person has been "duly tried, convicted and sentenced in accordance with the law." *Ali v. Johnson,* 259 F.3d 317, 318 (5th Cir. 2001) (quoting *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963)).

Riales's challenge to the legality of his conviction and sentence clearly arises under § 2255. *See* 28 U.S.C. § 2255(b) (a claim that a "judgment was rendered without jurisdiction" is cognizable under § 2255). Therefore, Riales can only proceed under § 2241 if he can meet the requirements of the savings clause. Riales does not allege that his claim is based on any retroactively applicable Supreme Court decision. And relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878.

Since Riales does not meet the requirements of the savings clause, this Court lacks jurisdiction to consider his claims.

## III.  Conclusion

Because Riales cannot meet the requirements of the savings clause, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Riales's claim.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 24, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Rivera v. Edge*, 746 F. App'x 422, 423 (5th Cir. 2019) (unpublished) (modifying judgment to reflect dismissal was with prejudice as to the question of jurisdiction over the § 2241 petition and without prejudice as to all other issues).

5